**Opinion issued July 14, 2026**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-24-00577-CV

———————————

**BEENISH KHURRAM, Appellant**

**V.**

**YASIR AHMED, Appellee**

---

**On Appeal from the 257th District Court**
**Harris County, Texas**
**Trial Court Case No. 2021-52145**

---

## MEMORANDUM OPINION

This appeal arises out a suit for divorce. Beenish Khurram appeals from the

trial court's final divorce decree (and several pretrial rulings) on numerous grounds.[1]

---

[1] Khurram was unrepresented by counsel when the trial court signed the decree, and she continues to represent herself in this court. As instructed by the supreme court, we have construed her briefs with liberality and patience while holding her to the same

We affirm.

## BACKGROUND

Yasir Ahmed sued his wife, Beenish Khurram, for divorce in August 2021. She countersued him for divorce that same month. Contentious litigation ensued.

They tried the case to a jury in June 2023. The jury found that grounds for divorce existed. But the jury became deadlocked and unable to answer who should have the right to designate the primary residence of Ahmed and Khurram's two children and related questions as to geographic restrictions on their residence.

Due to the hung jury, litigation continued, and it continued to be contentious. Along the way, the trial court rendered several orders adverse to Khurram, including:

- a February 1, 2024 agreed order holding her in criminal contempt for violating temporary orders and making false statements under oath;

- an April 16, 2024 order granting no-evidence summary judgment on her claims for breach of fiduciary duty, fraud, and waste;

- a July 31, 2024 order suspending her periods of possession of the children for failing to comply with the court's order to undergo a mental exam;

- an August 1, 2024 order striking her live pleading and jury demand due to her repeated refusal to undergo the court-ordered mental exam; and

- an August 13, 2024 order granting no-evidence summary judgment on her claims for adultery and cruel treatment.

---

procedural rules as all litigants, provided that the application of those procedural rules does not turn on the litigant's state of mind. *See Goldstein v. Sabatino*, 690 S.W.3d 287, 295 (Tex. 2024) (pro se pleadings must be evaluated with liberality and patience; there cannot be two sets of procedural rules, one for those with counsel and one for those without, but we must take into account a litigant's state of mind when the rules do).

After the first two of the preceding five orders, Khurram moved to recuse the trial judge for bias on June 27, 2024. The trial judge declined to voluntarily recuse herself, and the regional presiding judge denied the motion on July 22, 2024.

The case was eventually retried to the bench on August 13, 2024. Though the record shows she had actual notice of the trial, Khurram did not appear.

The trial court signed a final divorce decree on September 13, 2024. It named Ahmed and Khurram joint managing conservators and gave him the right to designate the children's primary residence, provided that it be in Harris County or the contiguous counties. Khurram now appeals.

## DISCUSSION

Khurram challenges the final divorce decree on multiple grounds, arguing that the trial court lacked jurisdiction to render the decree and rendered it even though trial-court proceedings were stayed. She also argues that she lacked notice of the trial and that proceeding in her absence therefore violated her right to due process. Khurram further argues that the trial court's decree is inconsistent with its oral pronouncement, which granted Ahmed relief he did not seek. Finally, she argues that Ahmed obtained the decree through fraud and the misconduct of his lawyers.

Khurram also challenges multiple pretrial orders, including the two orders granting no-evidence summary judgment on her claims, the order striking her live pleading and jury demand, several temporary orders, and the order denying her

motion to recuse. In addition, she argues the trial court erred in refusing to rule on several discovery-related motions she filed and by denying her post-trial motions.

For the reasons explained below, each of these complaints is meritless.

## I.     Khurram's challenges to the final divorce decree are without merit.

Khurram argues we must reverse the final divorce decree on several independent grounds. We address and reject each of these grounds in turn.

### A.     Subject-matter jurisdiction

Khurram argues that the trial court lacked jurisdiction to proceed to trial and render a final decree. She explains that she had already filed an appeal notice and amended appeal notice, which she asserts deprived the trial court of jurisdiction.

In these notices of appeal, Khurram identified several interlocutory orders she wished to appeal. Assuming for argument's sake that any of these orders were appealable on an interlocutory basis, the statute governing interlocutory appeals provides that trial is not stayed by the filing of an appeal in suits, like this one, brought under the Family Code. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(b).

We overrule Khurram's jurisdictional challenge.

### B.     Effect of motion to stay

After filing the aforementioned notices of appeal, Khurram then filed a motion in this court to stay the trial-court proceedings. We denied her motion to stay.

Nonetheless, Khurram argues that the mere filing of her motion to stay operated to stay all trial-court proceedings, including trial, until we disposed of the motion.

But the filing of a motion to stay does not result in a temporary stay pending the resolution of the motion. *See* TEX. R. APP. P. 52.10 (addressing stays in original proceedings; filing of motion to stay does not result in temporary stay without appellate court action). So her motion to stay did not bar trial-court proceedings.

We overrule Khurram's stay-related challenge.

### C.    Notice of trial and due process

Citing Rules 245 and 246 of the Texas Rules of Civil Procedure, Khurram argues that she did not receive 45 days' notice of the August 13, 2024 trial setting. She also argues that trying the case in her absence violated her right to due process.

The record shows Khurram received the required notice of the trial setting. The trial court signed an April 17, 2024 order granting her attorney's motion to withdraw. In that order, which Khurram approved as to both form and substance, the trial court found that Khurram had been notified of the trial setting, which was then August 12. The trial date was later moved one day back, to August 13. This August 13 trial setting was referred to multiple times during a July 29, 2024 pretrial hearing, which Khurram attended. She voiced no objection as to notice at the hearing.

Given that Khurram had notice, proceeding with trial when she did not attend did not violate her right to due process. *See In re K.M.L.*, 443 S.W.3d 101, 119 (Tex. 2014) (right to due process violated when party receives no notice of trial setting).

We overrule Khurram's notice challenge.

### D. Inconsistent oral pronouncement

In its oral pronouncement, the trial court appointed Ahmed as sole managing conservator of their children. Khurram argues that we must reverse because Ahmed did not plead for this relief. She also argues that we must reverse because the trial court's oral pronouncement is inconsistent with the final divorce decree, in which the trial court appointed Khurram and Ahmed as joint managing conservators.

In civil litigation, however, the trial court's written judgment controls over any conflicting oral pronouncement. *Ifiesimama v. Haile*, 522 S.W.3d 675, 684 (Tex. App.—Houston [1st Dist.] 2017, pet. denied). So, the conflict here is immaterial, as Khurram does not argue that Ahmed did not plead for such joint appointment.

We overrule Khurram's inconsistent-oral-pronouncement challenge.

### E. Evidentiary challenges

Khurram argues that Ahmed obtained the final divorce decree through fraud and asserts he introduced no evidence at trial to support his claims. Khurram also argues that Ahmed's trial lawyer engaged in misconduct by introducing evidence

obtained in violation of the rules of evidence as well as evidence that was not disclosed to her in discovery and that was irrelevant or unfairly prejudicial.

But Khurram, who is not indigent, did not pay for the reporter's record of the August 13, 2024 trial. As a result, the majority of the trial record—including the part in which testimony or other evidence was admitted—is not in the appellate record. When, as here, an appellant does not secure a portion of the reporter's record that is needed to review her challenges (such as those that turn on evidence admitted at trial), we must presume the evidence supported the trial court's findings. *Smith v. Karanja*, 546 S.W.3d 734, 738 (Tex. App.—Houston [1st Dist.] 2018, no pet.).

We overrule Khurram's evidentiary challenges.

## II. Khurram waived challenges concerning claims that were not tried.

Khurram argues that the trial court improperly narrowed the scope of the claims that were tried by granting two partial no-evidence summary judgments on several of her claims, by striking her live pleading and jury demand (based on her repeated refusal to comply with a court order), and by refusing to rule on several discovery motions she says would have provided "crucial admissible evidence." The essence of each of these challenges is that the scope of trial and its result would have materially differed if the trial court had not erroneously limited her claims.

But a party who has made a general appearance, has notice of the trial setting, and then fails to appear at trial waives the right to present her claims for affirmative

7

relief at trial. *See Bradley Motors, Inc. v. Mackey*, 878 S.W.2d 140, 141 (Tex. 1994) (failure to appear at trial after answering waives right to jury trial); *Love v. State Bar of Tex.*, 982 S.W.2d 939, 943 (Tex. App.—Houston [1st Dist.] 1998, no pet.) (defendant who raises affirmative defense but fails to appear at trial and offers no evidence in support of it effectively waives affirmative defense); *see also Walker v. Kleiman*, 896 S.W.2d 413, 416 (Tex. App.—Houston [1st Dist.] 1995, no writ) (trial court may render take-nothing judgment on counterclaims when counterclaimant does not appear for trial on merits). Under these circumstances, that party cannot contend that the trial court improperly limited the affirmative claims she could present at trial because she chose not to present any claims whatsoever at trial.

We overrule Khurram's challenges concerning claims not tried.[2]

---

[2] Had Khurram not waived her challenges concerning claims that were not tried by failing to appear at trial, we would still reject them. By way of summary explanation:

*First Partial Summary Judgment.* The trial court granted no-evidence summary judgment on Khurram's claims for breach of fiduciary duty, actual fraud, constructive fraud, and waste. Khurram never filed a response to Ahmed's no-evidence motion. Nor does she cite evidence in the record supporting any of these claims. *See* TEX. R. APP. P. 38.1(i) (brief must include concise argument and appropriate record citations).

*Second Partial Summary Judgment.* The trial court also granted no-evidence summary judgment on Khurram's claims for adultery and cruel treatment. Khurram never filed a response to Ahmed's no-evidence motion on these claims either, and she cites no evidence in the record supporting them. *See id.* On appeal, she argues that she got less than 21 days' notice before the trial court granted the motion. (The motion was granted the morning of trial—20 days after Ahmed set it to be heard.) But Khurram did not complain of lack of proper notice in the trial court, so she cannot raise this notice complaint on appeal. *See Jones v. Jones*, 888 S.W.2d 858, 859 (Tex. App.—Houston [1st Dist.] 1994, writ denied) (failure to object to improper notice waives this complaint; improper summary-judgment notice cannot be raised for first time on appeal).

## III. Khurram cannot challenge temporary orders on appeal.

Khurram argues that the trial court erred by modifying temporary orders, including by giving Ahmed primary custody of the children pending a final decree and denying her the right to have electronic communications with the children for a period of time. Similarly, Khurram argues that the trial court erred in denying a temporary restraining order that she sought during the pendency of the lawsuit.[3]

*Striking of Live Pleading and Jury Demand.* The trial court struck Khurram's live pleading and jury demand due to her failure to comply with its order to undergo a mental exam. The trial court had previously ordered both parties to undergo this exam. Ahmed complied; Khurram did not. So, the trial court signed a second order directing Khurram to comply or forfeit her periods of possession of the children. Khurram still did not comply. The trial court struck Khurram's live pleading and jury demand after this repeated noncompliance, finding that her noncompliance was willful. On appeal, Khurram argues that the trial court erred in ordering the exam in the first place. But in its order striking her live pleading and jury demand, the trial court found that "Khurram's mental health and mental capacity to care for the children" was "in issue," the exam would produce "material evidence in this case," and there was "not alternative means" to obtain this evidence. Khurram has not identified contrary evidence in the record necessary to show an abuse of discretion in ordering the exam. *See* TEX. R. APP. P. 38.1(i) (record citations are required); *United Emp. Cas. Co. v. Curry*, 152 S.W.2d 862, 864 (Tex. Civ. App.—Galveston 1941, no writ) (appellant has burden to show trial court abused its discretion in its ruling on motion to require physical examination).

*Refusal to Rule on Discovery Motions.* Khurram has not shown that she brought these motions to the trial court's attention and requested a ruling, so she has not preserved this issue for review. *See Noel v. Oakbend Med. Ctr.*, No. 01-21-00206-CV, 2022 WL 3031347, at *7 (Tex. App.—Houston [1st Dist.] Aug. 2, 2022, pet. denied) (mem. op.) (filing motion or setting it for hearing is not enough to preserve error; record must show it was brought to trial court's attention and trial court refused to rule on it over objection).

[3] Khurram sought a TRO and a temporary injunction to exclude Ahmed from possessing or having access to their children, alleging under oath that they were in immediate danger of abduction, abuse, molestation, and neglect. In the final divorce decree, the trial court found that these allegations were knowingly false based on Khurram's admission of their falsity during the first trial.

But temporary orders—those in effect only until the trial court signs a final judgment—and the denial of temporary relief cannot be challenged after the trial court signs the final judgment. *See Wright v. Wentzel*, 749 S.W.2d 228, 234 (Tex. App.—Houston [1st Dist.] 1988, no writ) (temporary orders are moot after final judgment and cannot be challenged on appeal); *In re Marriage of Harrison*, 557 S.W.3d 99, 132 n.26 (Tex. App.—Houston [14th Dist.] 2018, pet. denied) (same).

We overrule Khurram's temporary-relief challenges.

## IV. Khurram's complaint about non-recusal of the trial judge is meritless.

Khurram moved to recuse the trial judge for bias. The trial judge declined to recuse herself, and the regional presiding judge denied Khurram's motion. On appeal, Khurram argues that the presiding judge erred. In her briefs, Khurram relies on the trial judge's threat to jail her for contempt and the trial judge's subsequent order holding her in contempt and jailing her as evidence of the trial judge's bias.

We review the denial of a motion to recuse for an abuse of discretion. TEX. R. CIV. P. 18a(j)(1)(A). In this context, a trial court does not do so unless it rules without reference to any guiding rules or principles or its ruling is otherwise arbitrary or unreasonable. *Pruett v. Harris Cnty. Bail Bond Bd.*, 356 S.W.3d 103, 111 (Tex. App.—Houston [1st Dist.] 2011, pet. denied) (reviewing order denying recusal).

Here, several months before Khurram moved to recuse the trial judge, the trial judge signed an agreed order holding Khurram in contempt for making false

10

statements under oath and violating temporary orders. For each violation, the trial court assessed a fine of $500 and ordered Khurram to be confined in the county jail for five days. But the trial court suspended the confinement for the duration of the case, provided that Khurram complied with the temporary orders as well as future orders. Khurram signed the order and approved it as to form and substance.

When challenging the denial of a motion to recuse premised on bias arising from proceedings in court, an appellant must show the judge's actions indicate a high degree of favoritism or antagonism that makes fair judgment impossible. *In re M.C.M.*, 57 S.W.3d 27, 33 (Tex. App.—Houston [1st Dist.] 2001, pet. denied). As Khurram substantively approved the contempt order, we reject her argument that the trial court's threat to hold her in contempt or its order doing so shows such bias.

To the extent Khurram contends (as she did in the trial court) that the trial judge's adverse rulings show bias, adverse rulings are not, in themselves, a basis for recusal. *See* TEX. R. CIV. P. 18a(3); *see also M.C.M.*, 57 S.W.3d at 33 (an appellant's remedy for unfair rulings is to challenge the rulings themselves as erroneous).

We overrule Khurram's recusal-related challenge.

## V. Khurram's issue as to post-trial motions presents nothing for review.

Khurram argues that the trial court erred in denying her post-trial motions, including a motion to vacate the final divorce decree. But the appellate record does not include any post-trial motions. Nor does the appellate record contain any rulings

on post-trial motions by the trial court.[4] Thus, this issue presents nothing for review. *See* TEX. R. APP. P. 33.1(a) (record must show timely motion was made in trial court and trial court's ruling as prerequisite to presentation of complaint on appeal).

We overrule Khurram's post-trial-motions challenge.

## CONCLUSION

We affirm the trial court's final divorce decree.


David Gunn
Justice

Panel consists of Justices Gunn, Caughey, Morgan.

---

[4] A single docket entry concerning a September 13, 2024 hearing (which was the same day the trial court signed the final divorce decree) states that the trial court denied a motion to vacate the final decree. In general, however, "a docket entry forms no part of the record we may consider; it is a memorandum made for the trial court and clerk's convenience." *Miller v. Kendall*, 804 S.W.2d 933, 944 (Tex. App.—Houston [1st Dist.] 1990, no writ); *accord SP Terrace, L.P. v. Meritage Homes of Tex., LLC*, 334 S.W.3d 275, 282 (Tex. App.—Houston [1st Dist.] 2010, no pet.) (op. on reh'g). Here, even if we credited the entry as a ruling, the entry does not explain the grounds for the motion. So we would have no way of ascertaining what was preserved for review on appeal.

Moreover, in her briefing, the only specific complaint Khurram makes as to the denial of her post-trial motions concerns the trial court's failure to include provisions in the final divorce decree to ensure against Ahmed abducting the children and taking them abroad. But the trial court expressly found that Khurram's allegation as to the danger of abduction was knowingly false based on Khurram's admission of its falsity during the first trial. And Khurram does not refer us to any contrary evidence in the record. *See* TEX. R. APP. P. 38.1(i).